**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Derek L. Horstemeyer,<br><br>            Debtor.<br><br>Derek L. Horstemeyer,<br><br>            Plaintiff,<br><br>v.<br><br>United States Internal Revenue Service,<br><br>            Defendant. | C/A No. 14-04773-DD<br><br>Adv. Pro. No. 15-80182-DD<br><br>Chapter 7<br><br>**ORDER** |

  THIS MATTER comes before the Court on a Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion") filed by Derek L. Horstemeyer ("Debtor") and opposition to the Motion filed by the United States Internal Revenue Service ("IRS"). After considering the applicable law, filings of the parties, and arguments of counsel, the Court denies the Motion and dissolves the Temporary Restraining Order.

**I. Facts and Procedural History**

  Debtor filed for protection under chapter 7 of the bankruptcy code on August 24, 2014.[1] Debtor scheduled in his petition a disputed $3.3 million claim held by the IRS. This claim arises from unpaid taxes assessed against the Debtor's businesses that the IRS alleges are owed personally by the Debtor based on an alter ego theory ("alter ego taxes"). Debtor received a discharge on December 16, 2014.

---

[1] Case No. 14-04773-dd.

On January 14, 2015, Debtor filed an adversary proceeding against the IRS[2] ("523 Proceeding"). Debtor asks, *inter alia*, that the Court determine that any personal liability of the Debtor for the alter ego taxes was discharged. The IRS answered the complaint and asserted various affirmative defenses, including that the alter ego taxes are nondischargeable pursuant to 11 U.S.C. § 523(a)(1).[3] The 523 Proceeding is currently in the discovery phase.

On October 16, 2015, Debtor filed this adversary proceeding. Debtor's complaint alleges that the IRS has levied on Debtor's retirement account in an attempt to collect the alter ego taxes. Debtor asserts that this collection effort violates the discharge injunction, asks that the IRS be held in contempt, and asks the Court to issue a preliminary injunction enjoining the IRS from levying against his retirement account until the 523 Proceeding is resolved.

On October 23, 2015, Debtor filed this Motion. The Motion and supporting brief explain that the levy on the funds in the retirement account was to have been effective October 26, 2015. Debtor asked the Court to temporarily enjoin the IRS from collecting the funds pending a hearing on a preliminary injunction, arguing that he will suffer significant tax liability if the IRS is permitted to proceed. The Court granted the temporary restraining order, froze the account, and set the matter for hearing. The IRS timely responded, arguing that anticipated tax liability is insufficient harm to warrant an injunction, and that the Court lacks authority to bar the IRS from collecting the taxes because of the Anti-Injunction Act.[4]

---

[2] *Derek L. Horstemeyer v. Internal Revenue Service*, Adv. Pro. No. 15-80003-dd.

[3] Further references to 11 U.S.C. § 101 *et seq.* will be by section number only.

[4] The IRS also argues that it can enforce its lien against the retirement account because the retirement account was not part of the bankruptcy estate. Because the Court finds that it cannot enjoin the IRS from enforcing its lien, and that even if it could the Debtor has not met its burden showing a preliminary injunction is appropriate, there is no need to address the IRS's remaining argument at this time.

The Court heard the arguments of the parties on November 2, 2015. At the close of the hearing, the Court took the matter under advisement, and extended the temporary restraining order pending ruling on the preliminary injunction. The parties also agreed that the remaining issues in this adversary proceeding should be stayed pending the resolution of the 523 Proceeding.

**II.     Discussion**

Granting a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Pashby et al. v. Delia*, 709 F.3d 307, 322 (4th Cir. 2013). Before determining whether a preliminary injunction is appropriate, however, the Court must first address the IRS's argument that bankruptcy courts lack authority to issue injunctions against IRS collection efforts. The Court agrees with the IRS that the Anti-Injunction Act applies here to bar the Court from enjoining the IRS. Even absent this bar, however, the Debtor has not shown he is entitled to a preliminary injunction.

  *A.  The Anti-Injunction Act*

The IRS argues that the Anti-Injunction Act ("AIA") bars the Court from enjoining it from collecting a tax. The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). The meaning of the AIA "could scarcely be more explicit." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). Its "principal purpose … [is]

3

the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial intervention." *Id*. "Without the Act's jurisdictional limitation, suits preemptively challenging tax collection would 'clog the wheels of government.'" *Gallo v. U.S., Dep't of Treasury, IRS*, 950 F.Supp. 1246, 1248 (S.D.N.Y. 1997) (quoting *Louisiana v. McAdoo*, 234 U.S. 627, 632 (1914)).

Debtor argues that the discharge injunction permits bankruptcy courts to enjoin the IRS from collection, despite the AIA. A number of courts have held that the bankruptcy code's extensive scheme of marshalling and administering debtor assets supersedes the AIA's more general language. *See e.g. Bostwick v. U.S. (In re Bostwick)*, 521 F.2d 741, 745 (8th Cir. 1975) (concluding that the discharge provision of the former Bankruptcy Act, which authorized courts to issue injunctions, "clearly evidence[d] an intent by Congress that the orderly administration of the Bankruptcy Act take[s] precedence over the general policy stated in the 'ant-injunction' act."); *U.S. v. Houghton (In re Szwyd)*, 408 B.R. 547, 552-53 (Bankr. D. Mass. 2009) (relying solely on *Bostwick*); *In re Jon Co., Inc.*, 30 B.R. 831, 834-35 (D. Colo. 1983) (making a "policy choice between the government's need to collect taxes and the orderly administration" of bankruptcies and choosing to follow *Bostwick*).

These courts, however, are in the clear minority. The majority view acknowledges that the bankruptcy code contains provisions that implicitly override the AIA, including § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."), and § 505 ("the court may determine the amount of legality of any tax, any fine or penalty relating to a tax, or any addition to a tax"). *Prisco v. IRS*, Case No. 1:13-MC-066, 2013 U.S. Dist. LEXIS 161356, at*10 (N.D.N.Y. Nov. 13, 2013). These courts go on to hold that this authority is insufficient to override the AIA in light of: (1) its

unequivocal language; (2) its oft-amended statutory exceptions that do not include an exception for bankruptcy courts; and (3) the failure of any bankruptcy code provisions explicitly providing for bankruptcy courts to enjoin IRS collection efforts. *Prisco*, 2013 U.S. Dist. LEXIS 161356, at*12 – 15 (collecting cases); *see e.g. In re Becker's Motor Transp., Inc.*, 632 F.2d 242, 246 (3d Cir. 1980) (holding that the AIA is applicable to bankruptcy courts because, among other reasons, Congress has not included bankruptcy courts in exceptions to the AIA, despite enacting exceptions to the AIA after giving bankruptcy court's jurisdiction over tax matters in § 505); *In re LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 394 (7th Cir. 1987) (following *Becker*); *J.J. Re-Bar Corp. v. U.S. (In re J.J. Re-Bar Corp.)*, 644 F.3d 952, 945 – 55 (9th Cir. 2011) ("'Allowing a debtor to avoid or forestall the tax liabilities of its officers by use of a Plan would violate the policy of the Anti-Injunction Act as readily as allowing the debtor to avoid such liability by filing a suit for injunctive relief.'") (citation omitted). The weight of authority applying the AIA in bankruptcy court is persuasive, as is the reasoning of the cited cases. The Supreme Court has consistently stressed the broad scope of the AIA, based on the government's need to effectively assess and collect taxes. Absent an explicit exception in the AIA or provision in the bankruptcy code, the Court lacks authority to enjoin those collection efforts.

Because the AIA applies, the Court must then consider the judicially created exception to the AIA. As noted, the AIA has a variety of statutory exceptions, none of which are applicable here. However, the Supreme Court has also recognized a judicial exception to the AIA if a party can show: "first, irreparable injury … and second, certainty of success on the merits." *Bob Jones Univ.*, 416 U.S. at 737 (citation omitted). Cases falling within this exception are rare. *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir.

5

1999) ("The Estate's action is precisely the rare type of suit for which this exception was crafted.").

First, Debtor must show that he will suffer irreparable injury. A party will generally suffer irreparable injury if there is no alternative legal remedy available; the availability of such a remedy negates finding that the harm is irreparable. *U.S. v. Am. Friends Serv. Committee*, 419 U.S. 7, 11 (1974). Here there are remedies: the Debtor may sue for a refund after paying the tax, or sue for wrongful levy. 26 U.S.C. § 7426(a). The fact that the Debtor would rather stop the IRS from acting instead of later pursuing remedies does not render the harm irreparable. *See Am. Friends*, 419 U.S. at 11 ("Even though the remitting of the employees to a refund action may frustrate their chosen method of bearing witness to their religious convictions … the bar of the Anti-Injunction Act is not removed."). Instead, to show irreparable injury despite the existence of a legal remedy, a party would need to show that continued litigation of the tax dispute is clearly a "waste of private, agency, and judicial resources." *Estate of Michael*, 173 F.3d at 511. Debtor has made no such showing here. Finally, "[m]ere injuries, however substantial, in terms of money, time and energy … are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1964) (citation and quote omitted). Debtor has alleged no injury that is not monetary. There is no irreparable harm.

Even if Debtor could show irreparable harm, he has not shown that it is "clear the government 'could in no circumstances prevail on the merits.'" *Int'l Lotto Fund v. Va. State Lottery Dep't*, 20 F.3d 589, 592 n.3 (4th Cir.1994) (*quoting Am. Friends*, 419 U.S. at 10)). An analysis of this element of the test requires courts to view the circumstances and law in the light most favorable to the IRS. *Estate of Michael*, 173 F.3d at 506. The IRS provided the Court with documents showing transfers from Debtor's entities for personal expenses, and a

6

summary of its alter ego legal theory. Debtor did not provide any evidence disputing the validity of the IRS's evidence, nor did he provide a legal argument that would obviously defeat the IRS's theory of liability. Without acknowledging the merits of either party's positions, the circumstances here fall far short of "clearly" showing the IRS cannot prevail.

The AIA applies, and the Debtor's circumstances do not fall within its judicially created exception. Accordingly, this Court cannot issue an injunction.

  *B. Standard for a Preliminary Injunction*

Even if the Court were permitted to issue an injunction, Debtor has not shown he is entitled to one. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). A party "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Courts must separately consider each factor of the test, and the party seeking relief must meet its burden on every individual element. *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

The Court need not engage in a detailed analysis of the four elements because, as stated *supra*, Debtor has not shown he will suffer irreparable harm. Debtor has an alternate remedy: he may seek relief from the tax liability by suing for a refund or wrongful levy. He has not alleged he will suffer more than monetary injury. Finally, irreparable harm must be "neither

7

remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Anticipated tax liability some six months in the future is neither actual nor imminent.

Supposing Debtor could show irreparable harm, he has not proven the remaining elements. Public policy, as evidenced by the AIA and the case law surrounding it, clearly favors permitting the IRS to collect taxes it believes are due. Debtor's sole argument tipping the equities in his favor is that he will have to pay the taxes on the funds; however, that fact - at minimum - balances against the IRS's need to collect taxes. Finally, the Court is not persuaded that the Debtor is any more likely than the IRS to succeed on the merits of this case. Debtor's request for a preliminary injunction is therefore denied.

### III. Conclusion

The AIA is applicable in bankruptcy courts, thus a preliminary injunction should not be issued barring collection of the taxes. The circumstances in this case do not constitute one of the rare exceptions to the AIA. Even assuming the AIA did not apply and the Court has authority to enter a preliminary injunction, Debtor has not shown that such an extraordinary remedy is appropriate. The application for a preliminary injunction is denied. All other issues in this adversary proceeding are stayed pending resolution of the 523 Proceeding.

**FILED BY THE COURT**
**11/04/2015**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 11/04/2015